UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEICO MARINE INSURANCE
COMPANY,

    Plaintiff,

v.                                        Case No: 8:21-cv-1972-CEH-TGW

SEASIDE MOBILE MARINE, LLC,

    Defendant.
_____

## ORDER

This matter is before the Court *sua sponte* upon review of the docket. Plaintiff has failed to timely move for a clerk's default pursuant to Local Rule 1.10. Moreover, Plaintiff has not demonstrated that Defendant has been properly served in accordance with Florida Statutes § 48.161's strict requirements for substitute service.

## DISCUSSION

Plaintiff filed this action in August 2021. Doc. 1. Defendant did not appear, causing Plaintiff to obtain a Clerk's default on October 12, 2021. Docs. 9, 10. In response to the Court's April 28, 2022 Order directing Plaintiff to show cause as to why the action should not be dismissed for failing to timely move for default judgment, Plaintiff filed a motion for default judgment. Docs. 11, 12. After determining that the Complaint did not demonstrate the existence of subject matter jurisdiction, the Court issued another Order to Show Cause. Doc. 15. Plaintiff filed an Amended Complaint, Doc. 17, but did not file proof of service as required by Federal Rule of Civil Procedure

5(a)(2) and Local Rule 1.10(a). *See* Doc. 21.  The Court issued yet another Order to Show Cause. *Id.*  In July 2023, Plaintiff filed documents entitled "Proof of service." Docs. 28, 29.  To date, no further activity has occurred in this action.  Defendant has not appeared.

As the Court has repeatedly informed Plaintiff, *see* Docs. 11, 21, Local Rule 1.10(d) provides that an action is subject to dismissal for failure to prosecute if a party fails to comply with the requirements of Local Rule 1.10.  Local Rule 1.10(b) requires a party entitled to a default to apply for the default within twenty-eight days after a party's failure to appear.  Plaintiff has not applied for a Clerk's default.

However, upon review of the documents entitled "Proof of service," the Court also determines that Plaintiff has not demonstrated that it served Defendant in strict compliance with the requirements of substitute service under Florida Statutes § 48.161.

In May 2023, Plaintiff explained that it was unable to effect personal service on Defendant because the process server could not access the address at which Defendant was previously served, a private gated home. *See* Docs. 22, 24.  As a result, Plaintiff intended to pursue substitute service via the Florida Secretary of State. Doc. 23 at 2. In July 2023, Plaintiff filed a letter from the Florida Secretary of State confirming receipt of substitute service of process, as well as a certificate of service affirming that counsel mailed a copy of the Complaint and Summons to the Florida Secretary of State pursuant to Fla. Stat. §§ 48.062(3) and 48.181. Docs. 28, 29.

Florida law authorizes substitute service on a domestic limited liability company through the Florida Secretary of State, pursuant to Florida Statutes § 48.181,

2

when service cannot be made as otherwise required after due diligence. Fla. Stat. § 48.062. The technical requirements of substitute service are set forth in Florida Statutes § 48.161, *see* Fla. Stat. § 48.181(6), and must be "strictly compl[ied] with." *See*, *e.g.*, *Gomez v. Team Am. Miami, Inc.*, No. 21-CV-20086, 2022 WL 1605324 (S.D. Fla. May 20, 2022). One such requirement obligates a plaintiff to file proof that it sent notice of substitute service and a copy of the process to the defendant through one of several listed means. Fla. Stat. § 48.161(2). Further, the plaintiff must file an affidavit of compliance setting forth the facts that show due diligence in attempting to effectuate personal service on the defendant. *Id.* Due diligence requires, *inter alia*, an honest and conscientious effort to acquire the information necessary to effectuate personal service. *Id.* § 48.161(4)(a).

Here, Plaintiff has not filed proof that it sent Defendant notice of the substitute service and a copy of the process through one of the listed means. Nor has Plaintiff filed an affidavit setting forth its compliance with the technical requirements of section 48.161 and the facts that show its due diligence.[1] As a result, the Court cannot determine whether Defendant has been properly served in accord with the Court's prior Orders. Docs. 21, 25.

The Court further reminds Plaintiff that Local Rule 1.10 requires proof of service to be filed within twenty-one (21) days of service. M.D. Fla. Local Rule 1.10(a).

---

[1] The Court observes that Plaintiff attempted to effectuate personal service on the same address where it served Defendant in August 2021. *See* Doc. 8. Plaintiff acknowledges the possibility that Defendant left the property in the intervening years, Doc. 23 ¶ 7, but fails to explain any conscientious effort it took to determine whether Defendant may now be located at a different address. *See* Fla. Stat. § 161(4)(a).

Failure to timely comply with this and other Rule 1.10 deadlines may result in dismissal of the action without notice and without prejudice.

Accordingly, it is ORDERED:

1. To the extent not already done, by **April 25, 2024**, Plaintiff shall serve Defendant with a summons and a copy of the Complaint. If applicable, Plaintiff shall strictly comply with all technical requirements of Florida Statutes § 48.161.

2. No later than **May 2, 2024**, Plaintiff shall file in the docket an updated proof of service on the Defendant.

3. Failure to comply with these deadlines and those contained in Local Rule 1.10, Middle District of Florida, will result in dismissal of this action without prejudice and without further notice.

**DONE** and **ORDERED** in Tampa, Florida on April 11, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record; Unrepresented Parties