## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

GEICO MARINE INSURANCE
COMPANY,

       Plaintiff,

v.                                                    Case No: 8:21-cv-1972-CEH-TGW

SEASIDE MOBILE MARINE, LLC,

       Defendant.

_____

## ORDER

This matter comes before the Court on its April 11, 2024 Order. Doc. 30.  In the Order, the Court detailed the history of this action and Plaintiff's repeated failures to prosecute it in compliance with the deadlines of Local Rule 1.10, Middle District of Florida. *Id.*  The Court cautioned Plaintiff that its continued failure to comply with those deadlines would result in dismissal of the action, without prejudice, and without further notice. *Id.*  The Court repeated this warning in another Order dated June 5, 2024. Doc. 34.  Because Plaintiff has, again, failed to comply with the deadlines of Local Rule 1.10, this action is due to be dismissed.

## DISCUSSION

As the Court recounted in its April 11, 2024 Order,

> Plaintiff filed this action in August 2021. Doc. 1.  Defendant did not appear, causing Plaintiff to obtain a Clerk's default on October 12, 2021. Docs. 9, 10.  In response to the Court's April 28, 2022 Order directing Plaintiff to show cause as to why the action should not be dismissed for failing to timely move for default judgment,

Plaintiff filed a motion for default judgment. Docs. 11, 12.  After determining that the Complaint did not demonstrate the existence of subject matter jurisdiction, the Court issued another Order to Show Cause. Doc. 15.   Plaintiff timely filed an Amended Complaint, Doc. 17, but did not file proof of service as required by Federal Rule of Civil Procedure 5(a)(2) and Local Rule 1.10(a). *See* Doc. 21.  The Court issued yet another Order to Show Cause. *Id.*   In July 2023, Plaintiff filed documents entitled "Proof of service." Docs. 28, 29.

Doc. 30 at 1-2.

On April 11, 2024, the Court issued an Order in which it observed: 1) that no action had been taken since Plaintiff filed its "proof of service" in July 2023, and 2) that the documents entitled "proof of service" did not comply with the strict requirements of substitute service under Fla. Stat. § 48.161 and therefore did not constitute proof of service. Doc. 30.  Accordingly, the Court set new deadlines for Plaintiff to effect proper service and/or file updated proof of service on the docket. The Court also cautioned Plaintiff that the action would be subject to dismissal if it continued to disregard the deadlines of Local Rule 1.10:

As this Court has repeatedly informed Plaintiff…Local Rule 1.10(d) provides that an action is subject to dismissal for failure to prosecute if a party fails to comply with the requirements of Local Rule 1.10. … Failure to comply with these deadlines and those contained in Local Rule 1.10…will result in dismissal of this action without prejudice and without further notice.

Doc. 30 at 2, 4.

On April 24, 2024, Plaintiff filed a motion for clerk's default. Doc. 31. However, the motion relied solely on the same documents the Court's April 11, 2024

Order indicated did not constitute valid proof of service. The Court therefore denied the motion. Doc. 32.

On May 2, 2024, Plaintiff filed new documents that adequately demonstrated that it had complied with the requirements of substitute service pursuant to Fla. Stat. § 48.161 in July 2023. Doc. 33. The Court notified Plaintiff that its proof of service was sufficient. Doc. 34. Again, however, the Court warned Plaintiff that "the failure to comply with the remaining deadlines of Local Rule 1.10, Middle District of Florida, may result in dismissal of this action without notice and without prejudice." *Id.*

Despite these warnings, Plaintiff has again failed to comply with the deadlines of Rule 1.10. Plaintiff's most recent proof of service demonstrated that Plaintiff mailed an additional copy of all service documents to Defendant on April 25, 2024, with a delivery date of April 26, 2024. Doc. 33-2. At the latest, then, Defendant was required to answer or otherwise defend the Amended Complaint by May 17, 2024. Fed. R. Civ. P. 12(1)(A)(i). In turn, Local Rule 1.10(b) required Plaintiff to move for a default "within 28 days after a party's failure to plead or otherwise defend." Therefore, Plaintiff's deadline to move for a Clerk's default with valid proof of service was June 14, 2024. Plaintiff has not done so. Accordingly, the action is due to be dismissed.

It is **ORDERED**:

1. This action is dismissed, without prejudice.  The Clerk is directed to CLOSE

   this case.

**DONE** and **ORDERED** in Tampa, Florida on June 24, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties